Spencer D. Phillips (Bar No. 14401)
EMPLOYER-LAWYER PLLC
3450 N. Triumph Blvd., Suite 102
Lehi, Utah 84043
Telephone: 801.874.4964
E-mail: *spencer@employer-lawyer.com*

Russell A. Nevers (Bar No. 13940)
FREEMAN LOVELL, PLLC
4568 S Highland Drive, Suite 290
Salt Lake City, Utah 84117
Office: (385) 355-4826
Email: *russ@freemanlovell.com*

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CLARK GAUDETTE, an individual; HEIDI GAUDETTE, an individual; RON RUSSELL, an individual; GERRY RUSSELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BLH ENTERPRISES, INC., a Utah corporation, | **COMPLAINT AND JURY DEMAND**<br><br><br>Case No.:<br><br>Judge: |

Plaintiffs Clark Gaudette ("Mr. Gaudette"), Heidi Gaudette ("Mrs. Gaudette"), Ronald Russell ("Mr. Russell"), and Gerry Russell ("Mrs. Russell") (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendant BLH Enterprises, Inc. ("Defendant") and hereby complain and allege as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for declaratory judgment and permanent injunctive relief to redress and prevent violation of Plaintiffs' rights pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, *et seq*. Plaintiffs seek injunctive relief requiring Defendant to correct its violations of Plaintiffs' rights, prohibiting Defendant from continuing its misconduct in violation of the ADA, and from engaging in similar conduct in the future. Plaintiffs seek attorney fees and court costs pursuant to 42 U.S.C. § 12205.

## PARTIES, JURISDICTION, AND VENUE

2. Mr. Gaudette is an individual residing in Weber County, Utah and is, and was at all times relevant to this Complaint, married to Mrs. Gaudette. Mr. Gaudette is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102.

3. Mrs. Gaudette is an individual residing in Weber County, Utah and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102.

4. Mr. Russell is an individual residing in Weber County, Utah and is, and was at all times relevant to this Complaint, married to Mrs. Russell.

5. Mrs. Russell is an individual residing in Weber County, Utah and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102.

6. Defendant is a Utah corporation, with its principal place of business in Rich County, Utah, which owns and operates places of public accommodation within the meaning of 42 U.S.C. § 12181(7).

7. This Court has jurisdiction to hear and decide Plaintiffs' ADA claims pursuant to 42 U.S.C. §§ 12188-89, as Plaintiffs' claims arise under and are based upon violations of Title III of the ADA, 42 U.S.C. §12181, *et seq.*

8. This Court is vested with original jurisdiction of these claims pursuant to 28 U.S.C. §1331 and §2201.

9. Venue for this action is proper in the United States District Court for the District of Utah, Central Division pursuant to 28 U.S.C. §§ 125 and 1391(b) and (c) and because the claims arose in said division and district and, further, because Defendant conducts business in such district.

## GENERAL ALLEGATIONS

10. Mr. Gaudette, Mrs. Gaudette, and Mrs. Russell are deaf and each, therefore, has a disability within the meaning of the ADA, 42 U.S.C. § 12102.

11. For several years, Plaintiffs have desired and attempted to rent Sea-Doo watercrafts from Defendant's Performance Rental locations but have been denied access because Mr. Gaudette, Mrs. Gaudette, and Mrs. Russell are deaf.

12. Defendant is a private entity, which owns and operates Performance Rental, "a sales or rental establishment," which constitutes a public accommodation pursuant to 42 U.S.C. §12182(7)(E).

13. On or about August 2, 2017, Mr. Gaudette and Mr. Russell visited Defendant's establishment, Performance Rental, located at 1414 North Bear Lake Blvd., Garden City, Utah for the purpose of renting three Sea-Doo watercraft for them and their wives to enjoy at Bear Lake.

14. Defendant's employee at Performance Rental provided paperwork for Mr. Gaudette and Mr. Russell to complete on behalf of themselves and their wives.

15. In completing the required rental paperwork, Mr. Gaudette and Mr. Russell acted on their own behalf and as agents and representatives of their wives.

16. While Mr. Gaudette and Mr. Russell were completing the paperwork, Mrs. Gaudette and Mrs. Russell arrived at Performance Rental.

17. Upon their arrival, Mrs. Gaudette and Mrs. Russell began communicating with their husbands in sign language.

18. When Defendant's employee saw such communications and realized that Mr. Gaudette, Mrs. Gaudette, and Mrs. Russell were deaf, he grabbed the paperwork from Mr. Gaudette and Mr. Russell and refused to allow them to rent the Sea-Doos.

19. In an effort to educate Defendant's employee about the law, Mr. Russell called his attorney and put him on speaker phone. The attorney confirmed that refusing to rent Sea-Doos to Plaintiffs based on Mr. Gaudette's, Mrs. Gaudette's, and Mrs. Russell's deafness was a clear violation of federal law.

20. Despite this information, Defendant's employee knowingly and willfully continued to refuse to rent the Sea-Doos to Plaintiffs.

21. The following day, August 3, 2017, Plaintiffs visited another of Defendant's rental locations at Bear Lake to rent three Sea-Doos and were confronted by the same employee who again refused to rent to them because of Mr. Gaudette's, Mrs. Gaudette's, and Mrs. Russell's deafness.

22. Plaintiffs produced a copy of a United States Department of Justice settlement agreement, in which a rental operator in California was found to be in violation of the Americans with Disabilities Act for refusing to rent Sea-Doos to deaf customers.

23. Despite this information, Defendant's employee again knowingly and willfully continued to refuse to rent to Plaintiffs.

24. When an officer with the Utah Department of Natural Resources intervened, Defendant's employee agreed to rent two Sea-Doos Plaintiffs, but only with two discriminatory restrictions: (1) Plaintiffs were required to have one non-deaf person on each Sea-Doo at all times and (2) Plaintiffs were required to remain close to the shore at all times.

25. These unfair and unlawful restrictions were applied only to Plaintiffs, because of Mr. Gaudette's, Mrs. Gaudette's, and Mrs. Russell's deafness.

26. One or more of Defendant's Performance Rental locations contains a wall poster confirming Defendant's discriminatory policy of refusing to rent to deaf customers unless they are accompanied by a hearing person at all times.

27. On multiple occasions, Plaintiffs, through counsel, contacted Defendant in writing, requesting that Defendant modify its discriminatory policy and resolve this matter in good faith. Defendant has ignored each such request.

**FIRST CAUSE OF ACTION**
**(Denial of Access and Discrimination in Violation of the**
**Americans with Disabilities Act – 42 U.S.C. § 12181, *et seq.*)**

28. The preceding paragraphs are incorporated by reference as if fully set forth herein.

29. Private entities affecting commerce such as "a sales or rental establishment" are places of public accommodation under the ADA. 42 U.S.C. § 12181(7)(E).

30. Title III of the ADA prohibits, inter alia, discrimination "on the basis of disability in the full and equal enjoyment of the . . . goods, services, privileges, advantages, or accommodations of any place of public accommodation." *Id*. § 12182(a).

31. Under Title III, discrimination includes "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." *Id*. § 12181(b)(2)(A)(ii).

32. It is unlawful for a public accommodation or any person to retaliate against a person with a disability who asserts their rights under the ADA, or who opposes any violation of their rights under the ADA. *Id*. § 12203(a).

33. It is unlawful for a public accommodation or any person to coerce, threaten, intimidate or interfere with any person in the exercise or enjoyment of their rights under the ADA. *Id*. § 12203(b).

34. Pursuant to Title III of the ADA, Defendant is prohibited from imposing or applying eligibility criteria that screens out or tends to screen out individuals with disabilities or any class of individuals with disabilities from fully and equally enjoying their services, unless that criteria can be shown to be necessary to receive those services. *Id*. § 12182(b)(2)(A)(i).

35. Mr. Gaudette, Mrs. Gaudette, and Mrs. Russell are deaf and each, therefore, has a disability within the meaning of the ADA, 42 U.S.C. § 12102.

36. As described herein, Defendant, through the deliberate, intentional, reckless, and outrageous acts of its agents and employees, denied Plaintiffs access to its services solely on the basis of the disabilities of Mr. Gaudette, Mrs. Gaudette, and Mrs. Russell, specifically, based upon their deafness.

37. Because Defendant, through the deliberate, intentional, reckless, and outrageous acts of its agents and employees, refused Plaintiffs access and denied their full and equal access to its facility based solely on the disabilities of Mr. Gaudette, Mrs. Gaudette, and Mrs. Russell, Defendant has violated Title III of the ADA.

38. Plaintiffs were merely attempting to access the services, as paying customers, provided to the public by Defendant. Defendant's blanket denial of access and its refusal to reasonably accommodate Plaintiffs, solely on the basis the disabilities of Mr. Gaudette, Mrs. Gaudette, and Mrs. Russell, constitutes intentional disability-based discrimination.

39. Defendant's conduct, described above, was intentional and taken in disregard of the rights afforded Plaintiffs under the ADA.

## DECLARATORY RELIEF

40. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties.

41. Plaintiffs are entitled to a declaratory judgment concerning each of Defendant's violations of the ADA and implementing regulations and specifying Plaintiffs' rights with regard to Defendants' services and facilities.

## INJUNCTIVE RELIEF

42. This action seeks injunctive relief pursuant to 42 U.S.C. § 12188 and Rule 65 of the Federal Rules of Civil Procedure.

43. Plaintiffs are entitled to a permanent injunction requiring Defendant to correct each of its violations of the ADA and implementing regulations as such relate to Plaintiffs and requiring Defendant to cease its discriminatory exclusion of Plaintiffs from Defendant's services, programs, and facilities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Enter a declaratory judgment on behalf of Plaintiffs, declaring that Defendant's actions are in violation of Title III of the ADA and implementing regulations;

2. Enter a permanent injunction ordering Defendant to cease both its exclusion of Plaintiffs and its exclusion of disabled persons generally from full and equal participation in the benefits, services, and activities of Defendant when the exclusion or denial occurs by reason of such disability.

3. Enter an order requiring Defendant to pay punitive damages as a jury may assess;

4. Enter an order requiring Defendant to pay compensatory damages in an amount to be determined at trial;

5. Award Plaintiffs all costs and attorney fees expended herein and assess all such costs against Defendant;

6. Award Plaintiffs such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all causes of action set forth herein.

DATED this 7th day of June 2018.

        EMPLOYER-LAWYER PLLC

        */s/ Spencer D. Phillips*
        Spencer D. Phillips

        FREEMAN LOVELL, PLLC

        */s/ Russell A. Nevers*
        Russell A. Nevers

        *Attorneys for Plaintiffs*